295 So.2d 328 (1974)
Katherine F. RODRIGUEZ, Appellant,
v.
Mariano RODRIGUEZ, Jr., Appellee.
No. 73-1119.
District Court of Appeal of Florida, Third District.
May 28, 1974.
Guralnick & Gellman, Miami, for appellant.
Burton R. Levey, P.A., and William S. Rubenstein, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Respondent-appellant seeks review of two final orders granting visitation rights to the parents of petitioner-appellee.
In December 1972, the parties were granted a dissolution of marriage and pursuant to an agreement of the parties incorporated therein, the custody of the minor child was granted to the appellant, ex-wife, with reasonable rights of visitation in the appellee, ex-husband. In July 1973, the appellee petitioned the court for an interpretation of final judgment of dissolution of marriage and enforcement of rights of visitation and requested among other things an order granting reasonable visitation rights to the paternal grandparents of the minor child as he was ordered to active duty with the U.S. Air Force in the Azores for a period of two years. After a *329 hearing was held thereon, the trial judge on August 2, 1973 entered an order granting (1) the petitioner temporary custody of his child for three weeks during the year 1973, and (2) visitation rights to the paternal grandparents of one day per month, and further ordered that the visitation rights of the paternal grandmother would be finally determined after examination by a competent psychiatrist. After filing of the psychiatrist's report, the trial judge entered an order on September 31, 1973 in which visitation rights were granted to the paternal grandparents for one weekend per month upon 48 hours notice to respondent, ex-wife. Respondent appeals therefrom.
Appellant contends the trial judge abused his discretion and ruled incorrectly as a matter of law when he granted, despite strenuous objection of the appellant, weekend visitation rights to the paternal grandparents of the child, whose exclusive custody had been awarded to the appellant. We agree.
An order granting visitation rights to a nonparent of a child whose custody has been awarded to a fit parent as in the case sub judice is unjustified and unenforceable. 10A Fla.Jur. Dissolution of Marriage § 95 (1973). See also Parker v. Gates, 89 Fla. 76, 103 So. 126 (1925); Lee v. Kepler, Fla.App. 1967, 197 So.2d 570 and 24 Fla.Jur., Parent and Child § 5 (1959).
Further, we note that there is testimony in the record to the effect that whenever the minor child has visited the paternal grandparents, derogatory remarks about the appellant are made in the child's presence as there is "no love lost" between the respondent and her ex-husband's parents. Thus, it is apparent, that this atmosphere prevailing in the home of the grandparents would not serve in the best interest of the child.
Accordingly, we hereby reverse the granting of any visitation rights in the paternal grandparents.
Reversed.