371 So.2d 588 (1979)
Wanda SHULER, Appellant,
v.
Michael Randall SHULER, Appellee.
No. MM-121.
District Court of Appeal of Florida, First District.
June 6, 1979.
Philip J. Knight, Blountstown, for appellant.
No Appearance by appellee.
LARRY G. SMITH, Judge.
Appellant appeals a final order modifying a final judgment of dissolution of marriage by awarding specific visitation rights to the paternal grandparents.
In this case the mother was awarded custody in a November 8, 1976 final judgment. The father was awarded reasonable visitation, later modified by court order based on agreement between the parties, giving the father visitation rights on alternate weekends "under the direct supervision" of the husband's parents. The paternal grandparents, Moses and Delores Shuler, filed a petition in the dissolution proceeding in October, 1978, which resulted in the modification order appealed from by the mother. This order awarded visitation to the grandparents ever fourth weekend, and eliminated one of the weekend visits previously granted to the father. In this latter proceeding the father was not served with notice of nor was he present at the hearing.
The sole issue for our consideration is whether § 61.13, Fla. Stat., as amended by *589 Ch. 78-5, Laws of Fla., which became effective April 25, 1978 authorizes grandparents of a minor child under the circumstances presented in this case to petition for modification of a final judgment so as to obtain an award of visitation privileges. We conclude that although the statute as amended authorizes the granting of visitation rights if it is deemed by the court to be in the child's best interest, it does not authorize the grandparents to become parties to the litigation itself so as to obtain an order of modification granting such rights.
As amended, § 61.13(2)(b), Fla. Stat. (Supp. 1978) provides as follows:
"(b) The court shall award custody and visitation rights of minor children of the parties as a part of proceeding for dissolution of marriage in accordance with the Uniform Child Custody Jurisdiction Act.[1] Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody. The court may award the grandparents visitation rights of a minor children [sic] if it is deemed by the court to be in the child's best interest. Nothing in this section shall be construed to require that grandparents be made parties or given notice of dissolution pleadings or proceedings, nor shall such grandparents have legal standing as `contestants' as defined in s. 61.1306. No court shall order that a child be kept within the state or jurisdiction of the court solely for the purpose of permitting visitation by the grandparents." (§ 61.13(2)(b), Fla. Stat. (Supp. 1978)) (Emphasis supplied)
§ 61.1306(1), Fla. Stat. (1977)[2], defines "contestant" as follows:
"(1) `Contestant' means a person, including a parent, who claims a right to custody or visitation rights with respect to a child."
So far as we have been able to determine no appellate court in Florida has construed the new language of § 61.13(2)(b), Fla. Stat. (Supp. 1978). It is obvious that the trial judge recognized the uncertainties in the law created by the amendments in question and attempted to reconcile the conflicting claims of the parties without the benefit of appellate decisions pointing the way to a resolution of the unusual problem presented in this case.
Prior case law establishes that under a variety of circumstances, entirely in the absence of statute, non-parents have been permitted to litigate in their own right the question of custody, for example, intervention in modification proceedings by a third person actually caring for the child at the time of the proceedings, Cone v. Cone, 62 So.2d 907 (Fla. 1953); or a petition for modification filed by a person actually caring for the child of divorced parents, Grant v. Corbitt, 95 So.2d 25 (Fla. 1957). The authority of the trial court to award custody to grandparents or other third parties has been recognized, but this power has been severely circumscribed so as to be limited primarily to cases in which either or both parents are unfit to rear the child, as in Behn v. Timmons, 345 So.2d 388 (Fla. 1st DCA 1977). See also 10A Fla.Jur. Dissolution of Marriage, etc., §§ 94, 340.
However, prior to the amendment of Section 61.13 the trial court could not grant visitation rights to a non-parent of a child whose custody had been awarded to a fit parent. Tamargo v. Tamargo, 348 So.2d 1163 (Fla. 2nd DCA 1977); Sheehy v. Sheehy, 325 So.2d 12 (Fla. 2nd DCA 1975); Rodriguez v. Rodriguez, 295 So.2d 328 (Fla. 3rd DCA 1974). See 10A Fla.Jur. Dissolution of Marriage, etc., § 95. The amendments to § 61.13 abrogated this rule established by case law, but the amending act (Ch. 78-5) expressly stated grandparents did not thereby become "parties" to dissolution proceedings, and declared further that *590 they had no "legal standing" as "contestants" under the Uniform Child Custody Jurisdiction Act. By declaring (in Ch. 77-433) that "custody and visitation" are to be determined "in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction Act", all provisions of that act became applicable to custody and visitation proceedings. Therefore, the definition of "contestant" must of necessity apply to custody and visitation proceedings generally, and grandparents have no legal standing in such proceedings.
While we may fully appreciate the laudable objectives sought to be accomplished by granting visitation privileges to the grandparents in a given case, our interpretation of the statute is such that the grandparents have no legal standing to maintain actions or proceedings for the purpose of obtaining an order granting visitation privileges. Our decision is not based on the wisdom or lack of wisdom behind this legislative enactment. But it would not be unreasonable to foresee that a contrary ruling on this point could easily result in divorced parents of minor children being literally deluged with petitions and hearings without end, adding a new dimension of consternation and agony to a type of litigation that is already over-burdened with almost insoluble problems.
The grandparents had no standing to maintain this proceeding, and the order appealed from must be and is hereby reversed.
MILLS, Acting C.J., and ERVIN, J., concur.
NOTES
[1] The words "and in accordance with the Uniform Child Custody Jurisdiction Act" were added to § 61.13(2)(b) by Ch. 77-433, Laws of Fla., as a part of the enactment of the uniform act (see Ch. 77-433, § 26).
[2] § 61.1306(1), Fla. Stat. (1977) was enacted as part of the "Uniform Child Custody Jurisdiction Act" in Ch. 77-433, Laws of Fla.