392 So.2d 613 (1981)
Herman Eugene PUTNAL, Appellant,
v.
Debbie Douglas PUTNAL, Appellee.
No. 80-419.
District Court of Appeal of Florida, Fifth District.
January 21, 1981.
*614 R. William Lyng, III, Kissimmee, for appellant.
R. Stephen Miles, Jr., of Miles & Cumbie, P.A., St. Cloud, for appellee grandparents.
No appearance for appellee Debbie Douglas Putnal.
COBB, Judge.
The husband appeals from an amended order modifying a final judgment of dissolution of marriage wherein the court determined that it would be in the best interests of the children to allow the maternal grandparents to have visitation with the children once a month.
Herman and Debbie Putnal were granted a divorce in 1974 and the wife was granted permanent custody of the two minor children. Approximately three years later the children were adjudicated dependent, and placed in the custody of Rosetta and Roy Land, the step-sister to the wife and her husband.
In January of 1979, the appellant, Herman Putnal, petitioned for modification of the final judgment of dissolution, alleging a change in circumstances and reciting the facts concerning the dependency adjudication. A default was entered against the wife. By a temporary order filed in June of 1979, the trial court granted the Lands' motion for investigation and social study by the Florida Department of Health and Rehabilitative Services (HRS); granted the father temporary custody of the children subject to the further order of the court; and ordered that the father would insure that the children would have visitation with their maternal grandfather at least once a week. In September of 1979, the Lands and the grandparents, Joseph O'Mary and Louella O'Mary moved for child support for the Lands and for visitation by the grandparents to be established in detail, on the grounds that the husband had failed and refused to afford the grandparents reasonable visitation. After a hearing, the court in October of 1979 ordered the maternal grandparents to be entitled to reasonable visitation once a month. After a report was filed by HRS in December of 1979, the court entered an order in February, substituted by a later amended order in March, 1980, modifying the final judgment of dissolution of marriage and awarding the husband custody of the minor children and providing for visitation by the maternal grandparents.
The sole issue presented is whether the trial court erred by allowing the maternal grandparents to appear and subsequently awarding them visitation.
The appellant cites the controlling statutes which provide:
(b) The court shall award custody and visitation rights of minor children of the parties as a part of proceeding for dissolution of marriage in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction Act. Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody. The court may award the grandparents visitation rights of a minor child if it is deemed by the court to be in the child's best interest. Nothing in this section shall be construed to require that grandparents be made parties or given notice of dissolution pleadings or proceedings, nor shall such grandparents have legal standing as "contestants" as defined in s. 61.1306. No court shall order that a child be kept within the state or jurisdiction of the court solely for the purpose of permitting visitation by the grandparents. (emphasis added).
§ 61.13(2)(b), Fla. Stat. (1979).
(1) "Contestant" means a person, including a parent, who claims a right to custody or visitation rights with respect to a child.
§ 61.1306(1), Fla. Stat. (1979).
Appellant's argument that section 61.13 does not authorize the grandparents to become *615 parties to the litigation itself is based on Shuler v. Shuler, 371 So.2d 588 (Fla. 1st DCA 1979). In Shuler, the court cites the rule in Florida prior to amendment of section 61.13 that non-parents normally had no independent visitation (as distinguished from custody) rights with minor children.[1] The First DCA ruled that this statute does not confer standing to maintain such an independent action. However, Shuler is distinguishable on the grounds that in that case the grandparents initiated and independently filed a petition for modification of the final judgment of dissolution of marriage. In the present case, there was no independent filing of a petition for modification by the grandparents, but at the time they were awarded visitation rights the contestants were appellant/husband and the persons actually caring for the children, the Lands.
Section 61.13(2)(b) gives a trial court the discretionary authority to grant grandparents visitation rights. Grandparents may be allowed to participate in order for the trial court to have a basis for the exercise of that discretion. In the present case, the petition for modification was initiated by the husband, and the temporary award of custody to the husband in that action included granting visitation to the grandparents. This case is not like Shuler, since there was an action pending, initiated by a "contestant," the father, at the time of the initial award of visitation to the grandparents. Compare Whitehead v. Hewett, 380 So.2d 492 (Fla. 1st DCA 1980). We hold that it was not error to entertain a joint motion by the Lands, who had custody and who did have standing,[2] and the grandparents, seeking a more specific order concerning grandparent visitation rights prior to entry of the order awarding permanent custody to the husband. The trial court would have erred had it refused to allow the grandparents to participate. See Ramey v. Thomas, 382 So.2d 78 (Fla. 5th DCA 1980). Accordingly, the order appealed is
AFFIRMED.
SHARP and COWART, JJ., concur.
NOTES
[1] See Tamargo v. Tamargo, 348 So.2d 1163 (Fla.2d DCA 1977); Sheehy v. Sheehy, 325 So.2d 12 (Fla.2d DCA 1975); Rodriguez v. Rodriguez, 295 So.2d 328 (Fla.3d DCA 1974).
[2] Those persons actually caring for minor children have standing to participate in litigation concerning their custody. See Cone v. Cone, 62 So.2d 907 (Fla. 1953).