397 So.2d 723 (1981)
Linda Ruege FERRELL, Appellant,
v.
Doris M. RUEGE, Appellee.
No. PP-116.
District Court of Appeal of Florida, First District.
April 14, 1981.
Rehearing Denied May 19, 1981.
*724 Fred T. Stapp of Williams & Stapp, Jacksonville, for appellant.
John R. Forbes of Forbes & Meide, Jacksonville, for appellee.
JOANOS, Judge.
The appellant is the mother of Alison Lynne Ruege. The appellee is the appellant's mother. They have engaged in continuing litigation over, first custody of the child Alison, and then right of visitation with the child by the appellee grandmother. This appeal is from an order which modifies the visitation rights awarded to the grandmother by another circuit judge. The mother, as appellant, urges that the circuit judge committed reversible error when he failed upon the mother's motion to dissolve the grandmother's rights to partial custody or visitation. We disagree and affirm the trial court's order.
In 1973 the mother brought a petition for habeas corpus. She alleged that the grandmother had taken illegal possession of the child a few days before the filing of the petition. The circuit judge, upon a finding that the welfare of the child required a period of adjustment, entered an interlocutory order continuing the cause and awarding the child to the grandmother's custody. After the continued hearing, the judge entered a final judgment remanding the child to the custody of the mother (appellant here).
In 1976, without record objection by either party, the trial judge reopened the case upon receiving a letter from the grandmother which he treated as a "motion for custody." After a hearing, an order was entered denying the motion but, providing that the grandmother should have a right of visitation on alternate weekends. This order was not appealed. This is the order which the present circuit judge has modified by continuing the grandmother's visitation rights on a lesser basis.
In July of 1979, the mother, without raising any question of the validity of the prior orders, after the final judgment, filed in the same cause a "Petition to Dissolve Visitation Rights." After hearing, the judge found the following facts:
1. On May 16, 1976, the Honorable John E. Santora issued an order granting DORIS M. RUEGE visitation rights regarding her granddaughter, ALISON LYNNE RUEGE.
2. At the time the order was granted, LINDA RUEGE FERRELL and DEAN WESLEY FERRELL had been married approximately three years and were experiencing marital difficulties.
3. Since the entry of the order in 1976, the FERRELLS have resolved their difficulties.
4. At the present time, the FERRELLS are happily married and are wellable to support their children.
5. On December 5, 1978, DEAN WESLEY FERRELL, adopted ALISON LYNNE FERRELL, and was found to be a fit and proper person to do so.
6. The FERRELLS have two children, ALISON RUEGE FERRELL, born May 7, 1970, and DEANNA GAIL FERRELL, born October 25, 1975. DEANNA GAIL FERRELL is the natural child of LINDA and DEAN FERRELL.
7. There is presently no communication or visiting between LINDA RUEGE FERRELL and her mother, DORIS M. RUEGE.
8. DORIS M. RUEGE admits that custody should be with the parents, and offered no evidence to indicate that the FERRELLS were not fit and proper persons to have custody. Nor was any evidence offered indicating any type of marital problem between the FERRELLS the last two years.
9. DORIS M. RUEGE continues to desire visitation rights.
10. DORIS M. RUEGE assisted in taking care of ALISON LYNNE FERRELL during her first three years.
Thereupon the trial judge ordered:
3. The respondent and grandmother of the child, DORIS M. RUEGE, shall have rights of visitation with ALISON LYNNE FERRELL every sixth weekend, *725 from 3:00 P.M. on Friday, until 5:00 P.M. the succeeding Sunday, commencing Friday, September 7, 1979, and continuing every sixth weekend thereafter until further order of this court.
Appellant has argued that partial custody or visitation rights in a grandparent can be established only pursuant to Section 61.13(2)(b), Florida Statutes (1979).[1] We are mindful that generally, unless either or both natural parents are found to be unfit, a judge cannot award to a grandmother the right of visitation with a child except as provided in Section 61.13(2)(b), Florida Statutes. See Shuler v. Shuler, 371 So.2d 588 (Fla. 1st DCA 1979); Osteryoung v. Leibowitz, 371 So.2d 1068 (Fla. 3rd DCA 1979); Behn v. Timmons, 345 So.2d 388 (Fla. 1st DCA 1977). We take no issue with that principle of law. However, the order appealed from did not establish the right of visitation in the grandmother but rather modified that right. The grandmother's right to visitation was granted in the 1976 order from which there was no appeal. While there may or may not have been legal error committed by the trial judge in the entry of the 1976 order, he apparently had jurisdiction of the parties, the child, and the subject matter in that proceeding. When he granted visitation rights to the grandmother and no appeal was taken, those visitation rights became fixed subject only to a material change of circumstances and for the best interests of the child. The order appealed from merely amended the grandmother's right of visitation because of changed circumstances and in the best interests of the child and was, therefore, lawful. We can easily understand why the trial judge may not have wanted to completely terminate the visitation of the grandmother with the child. If since the 1976 order, the child and grandmother had developed a close relationship, the trial judge may very well have determined that it would be detrimental to suddenly and totally sever that relationship.
Therefore, the final judgment under review be and the same is hereby affirmed.
AFFIRMED.
BOOTH, J., concurs.
TILLMAN PEARSON (Ret.), Associate Judge, dissents without opinion.
NOTES
[1] 61.13(2)(b) The Court shall award custody and visitation rights of minor children of the parties as a part of proceeding for dissolution of marriage in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction Act. Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody. The court may award the grandparents visitation rights of a minor child if it is deemed by the court to be in the child's best interest. Nothing in this section shall be construed to require that grandparents be made parties or given notice of dissolution pleadings or proceedings, nor shall such grandparents have legal standing as "contestants" as defined in s. 61.1306. No court shall order that a child be kept within the state or jurisdiction of the court solely for the purpose of permitting visitation by the grandparents.