399 So.2d 1130 (1981)
L. Rupert WILLS, Appellant,
v.
Violet E. WILLS, Appellee.
No. 80-1782.
District Court of Appeal of Florida, Fourth District.
June 24, 1981.
Myron B. Berman, North Miami Beach, for appellant.
Jeffrey P. Swayman of Kaplan & Jaffe, P.A., Hollywood, for appellee.
*1131 DOWNEY, Judge.
This appeal involves an interlocutory order awarding visitation rights with Beverly Ann Wills, the twelve year old adopted daughter of the appellant. Beverly was adopted by appellant and his first wife in 1972 when she was three and one-half years old. Her adoptive mother died in April of the following year and in November of that same year the appellant married the appellee. Beverly, although never adopted by the appellee, was raised by and knew this woman to be her mother. In March of 1980 the husband filed a petition for dissolution of the marriage.
In these dissolution proceedings the General Master recommended that appellee be granted visitation privileges with Beverly. It is significant that the Master found appellee was Beverly's "psychological mother." The trial court adopted the Master's recommendation and granted appellee visitation privileges while the dissolution proceeding was pending. That order is the subject of this appeal.
We have not been afforded the benefit of a transcript of the proceedings before the Master. Nevertheless, we would assume the evidence was substantial because of the General Master's rather unique finding that appellee was the "psychological mother" of the child.
This is not a case of the court's finding that a non-parent should have custody of children as against their parents, although that, too, can be done in appropriate circumstances. Cone v. Cone, 62 So.2d 907 (Fla. 1953), modified 68 So.2d 886 (Fla. 1953); Johnson v. Johnson, 114 So.2d 338 (Fla. 1st DCA 1959). Rather, under the peculiar circumstances of this case the court obviously felt that the best interests of the child, and that is the polestar to be followed, required that the erstwhile stepmother visit the child, at least for the time being.
Several jurisdictions have awarded visitation privileges to a non-parent where the evidence demonstrates it is in the best interest of the child involved. See: Collins v. Gilbreath, 403 N.E.2d 921 (Ind. App. 1980); Simpson v. Simpson, 586 S.W.2d 33 (Ky. 1979).
There are several cases in Florida which hold that an order granting visitation rights to a non-parent of a child whose custody has been awarded to a fit parent is unjustified and unenforceable. Tamargo v. Tamargo, 348 So.2d 1163 (Fla. 2d DCA 1977); Sheehy v. Sheehy, 325 So.2d 12 (Fla. 2d DCA 1975); Rodriguez v. Rodriguez, 295 So.2d 328 (Fla. 3d DCA 1974). Furthermore, the Supreme Court of Florida held years ago in Parker v. Gates, 89 Fla. 76, 103 So. 126 (1925) that an award of visitation to a non-parent who had cared for the child over an extended period was "not warranted by the evidence." A similar result was arrived at by the Third District Court of Appeal in Lee v. Kepler, 197 So.2d 570 (Fla. 3d DCA 1967) based upon evidence that such visitation was not in the child's best interest.
It seems to us that if an adequate record can be made demonstrating that it is in the child's best interest that such visitation be authorized the trial judge's discretion in the matter is sufficiently broad to allow him to authorize visitation with a non-parent. Certainly this type of visitation, contrary to the wishes of the custodial parent, should be awarded with great circumspection. But if the welfare of the child is promoted by such visitation and there is no other substantial interest adversely affected the trial judge should be allowed that latitude.
In any event, the order under review is an interlocutory order entered during the pendency of the dissolution proceeding. We have no transcript of the evidence adduced before the Master and considered by the trial judge. Under those circumstances it would appear improvident of this court to interfere in that temporary action of the trial court.
HERSEY, J., concurs.
MOORE, J., dissents with opinion.
*1132 MOORE, Judge, dissenting:
Although, under the facts of this case, I have a great deal of sympathy for the conclusion reached by the majority, I must respectfully dissent.
The result here places us in direct conflict with the Supreme Court's decision in Parker v. Gates, 89 Fla. 76, 103 So. 126 (Fla. 1925). The majority apparently distinguishes Parker because visitation there was "not warranted by the evidence." In doing so, the complete holding of the Court is overlooked, and in my opinion, that holding dictates a contrary conclusion. The Court said:
... as it is not warranted by the evidence and the law applicable thereto, and cannot legally be enforced against the wishes of the child's mother. (Emphasis added). Parker, at 126.
In dealing with visitation rights of grandparents, several cases have held that a non-parent of a child whose custody has been awarded to a fit parent has no such rights as they are unjustified and unenforceable. Tamargo v. Tamargo, 348 So.2d 1163 (Fla. 2nd DCA 1977); Sheehy v. Sheehy, 325 So.2d 12 (Fla. 2nd DCA 1975); Rodriguez v. Rodriguez, 295 So.2d 328 (Fla. 3rd DCA 1974); Lee v. Kepler, 197 So.2d 570 (Fla. 3rd DCA 1967). Each of these cases relies on Parker, supra.
The legislature has now granted authority to the trial court to award visitation rights to grandparents if it is in the child's best interest. § 61.13(2)(b), Fla. Stat. (1979). It has not granted similar rights to a non-parent.
I would reverse.