512 So.2d 977 (1987)
Leslie M. BATES (Boggs) Appellant/Cross-Appellee,
v.
Bobbie Sue WISHART and Charles F. Wishart, Appellees/Cross-Appellants.
No. 86-2408.
District Court of Appeal of Florida, Second District.
August 7, 1987.
Rehearing Denied September 23, 1987.
*978 Leslie M. Bates (Boggs) pro se.
Charles F. Wishart, Brandon, for appellees/cross-appellants.
RYDER, Acting Chief Judge.
In 1983, appellant, Leslie M. Bates (Boggs), petitioned for a divorce alleging that her marriage to Randy Bates was irretrievably broken and sought custody of the parties' only child, Tiffany Michelle Bates. Appellant additionally sought a court order requiring the return of the child to her custody. She alleged that her husband had removed the child from their marital home and delivered the child to one Charles Wishart (the step-grandfather of the child) and Bobbie Sue Wishart (a grandmother of the child). The Wisharts, appellees here, were joined as necessary party defendants in the child custody matter pursuant to sections 61.1306 and 61.131, Florida Statutes (1983).
On December 28, 1983, the trial court ordered that the temporary residence of the minor child be with Bobbie Sue Wishart, the paternal grandmother, every Monday through Friday. Appellant was to have the child on weekends.
On February 26, 1985, a different trial judge entered a final judgment holding that the Bates' marriage was irretrievably broken and granted shared parental responsibility to the parents. Appellant was given primary residence of the child. The Wisharts appealed the final judgment. The natural father did not contest the order of the court below.
A panel of this court held that the Wisharts, as grandparents, "should have been afforded an opportunity to be heard and present evidence at the custody hearing." Wishart v. Bates, 487 So.2d 342 (Fla. 2d DCA 1986). The panel reversed and remanded for further proceedings consistent with the opinion. The Wisharts subsequently filed a motion to enforce mandate arguing that the decision made void the trial court's award of primary custody to appellant, and that the child must be returned to Bobbie Sue Wishart's temporary custody pursuant to the December 28, 1983 order. We denied the motion to enforce mandate.
Since the panel's denial of the Wisharts' motion to enforce mandate, step-grandfather *979 Wishart has filed numerous motions; so numerous, we believe the harried, but able trial judge must be reeling from that malady so aptly described in Dubowitz v. Century Village East, Inc., 381 So.2d 252, 253 (Fla. 4th DCA 1979). He has not petitioned for a custody hearing. On June 30, 1986, the trial court held a case management hearing. At that hearing, the trial judge granted the Wisharts appellate costs pursuant to Florida Rule of Appellate Procedure 9.400(a)(1), (2), (4). The trial judge ruled that the opinion of this court, to which we earlier alluded, did not "completely reverse the final judgment ... and therefore did not require a return to the temporary primary and/or custody status enjoyed by the Wisharts immediately prior to the final judgment." The trial judge is eminently correct in that ruling. The trial judge, thereafter, awarded the Wisharts visitation rights with the child on every other Saturday. This timely appeal followed.
Appellant raises two points with us. First, the trial court erred in awarding appellees their appellate costs. Second, the court erred in granting appellees any visitation rights at all. Appellees raise one point on cross-appeal: the second district's opinion permitting the grandparents a hearing in the custody of the child rendered the prior trial court's order granting appellant custody void ab initio. We will deal with each in point of order.
Florida Rule of Appellate Procedure 9.400(a) provides that, "Costs shall be taxed in favor of the prevailing party unless the court orders otherwise... . Costs shall be taxed by the lower tribunal on motions served within 30 days after issuance of the mandate." Florida Rule of Appellate Procedure 9.400(c) provides that, "Review of orders rendered pursuant to this rule shall be by motion filed in the court within 30 days of rendition." The judgment awarding costs to appellees was entered on August 22, 1986. Appellant filed her notice of appeal with the circuit court on September 19, 1986. We have jurisdiction to review the court's order because appellant filed her notice of appeal within thirty days of the rendition of the judgment awarding appellate costs. The trial court erred in awarding appellees appellate costs. We reverse the trial court's order awarding appellees appellate costs as we hold appellees were not the prevailing parties in the prior appeal. By returning the matter to the trial court in the prior appeal, we did not overturn the trial court's award of custody to appellant. We merely granted the appellees an opportunity to be heard at a custody hearing. As was evidenced by our denial of appellees' motion to enforce mandate which had urged the return of temporary custody to appellees, custody was to remain with appellant.
As to appellant's second point, we observe that the trial court also erred in granting appellees visitation rights. "An order granting visitation rights to a nonparent of a child whose custody has been awarded to a fit parent is unjustified and unenforceable." Sheehy v. Sheehy, 325 So.2d 12 (Fla. 2d DCA 1975); Tamargo v. Tamargo, 348 So.2d 1163 (Fla. 2d DCA 1977); Rodriguez v. Rodriguez, 295 So.2d 328 (Fla. 3d DCA 1974). Appellant has been found to be a fit parent.
Thus, we reverse and vacate the trial court's award of appellate costs as appellees were not the prevailing parties in the prior action. We also reverse and vacate the trial court's award of visitation rights to the appellees.
On cross-appeal appellees argue that the trial court erred by not finding that our opinion permitting the step-grandfather and grandmother a hearing on the custody of the child rendered the prior trial court's order granting appellant custody void ab initio. Appellees argue that because the prior order was void ab initio, appellees should be reinstated with the temporary custody of the child. As was previously discussed, we did not reverse the trial court's prior custody judgment. We merely granted the appellees an opportunity for a hearing in which to present evidence as to the child's best interests with regard to her custody. Accordingly, we find no merit in the point on cross-appeal *980 and affirm the trial judge's ruling thereon.
Reversed in part; affirmed in part.
THREADGILL, J. and PATTERSON, DAVID F., Associate Judge, concur.