531 So.2d 955 (1988)
Bobbie Sue WISHART, et al., Petitioners,
v.
Leslie M. BATES (Boggs), et al., Respondents.
No. 71370.
Supreme Court of Florida.
September 8, 1988.
Rehearing Denied November 8, 1988.
Charles F. Wishart, Brandon, for petitioners.
Leslie Bates (Boggs), Seffner, in pro. per.
EHRLICH, Chief Justice.
We have for our review Bates v. Wishart, 512 So.2d 977 (Fla. 2d DCA 1987), which directly and expressly conflicts with decisions of other district courts on the issue of granting visitation rights to grand-parents. See Putnal v. Putnal, 392 So.2d 613 (Fla. 5th DCA 1981); Whitehead v. Hewett, 380 So.2d 492 (Fla. 1st DCA), dismissed, 385 So.2d 761 (Fla. 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash that portion of the decision below which holds the trial court erred in granting visitation to the petitioners.
The following facts are revealed in the decision of the district court below:
In 1983, appellant, Leslie M. Bates (Boggs), petitioned for a divorce alleging that her marriage to Randy Bates was irretrievably broken and sought custody *956 of the parties' only child, Tiffany Michelle Bates. Appellant additionally sought a court order requiring the return of the child to her custody. She alleged that her husband had removed the child from their marital home and delivered the child to one Charles Wishart (the step-grandfather of the child) and Bobbie Sue Wishart (a grandmother of the child).
The Wisharts, appellees here, were joined as necessary party defendants in the child custody matter pursuant to sections 61.1306 and 61.131, Florida Statutes (1983).
.....
On February 26, 1985, a different trial judge entered a final judgment holding that the Bates' marriage was irretrievably broken and granted shared parental responsibility to the parents. Appellant was given primary residence of the child. The Wisharts appealed the final judgment. The natural father did not contest the order of the court below.
512 So.2d at 978. After the district court remanded with directions to afford the Wisharts an opportunity to be heard and present evidence, Wishart v. Bates, 487 So.2d 342 (Fla. 2d DCA 1986), the trial judge awarded the Wisharts visitation rights with the child on every other Saturday. 512 So.2d at 979.
On appeal, the district court held that the trial court erred in granting visitation rights to the Wisharts because "`[a]n order granting visitation rights to a non-parent of a child whose custody has been awarded to a fit parent is unjustified and unenforceable.'" Id. (quoting Sheehy v. Sheehy, 325 So.2d 12 (Fla. 2d DCA 1975)). In support of its holding, the district court also relied on Tamargo v. Tamargo, 348 So.2d 1163 (Fla. 2d DCA 1977), and Rodriguez v. Rodriguez, 295 So.2d 328 (Fla. 3d DCA 1974). These decisions, however, were issued prior to the effective date of section 61.13(2)(b), Florida Statutes (Supp. 1978), which provides in relevant part: "The court may award the grandparents visitation rights of a minor children [sic] if it is deemed by the court to be in the child's best interest." The existence of this statute was apparently overlooked by the parties and the district court.
Accordingly, the district court below erred in holding that the trial court could not grant visitation to the Wisharts and we quash that portion of the decision below. We remand to the district court for proceedings consistent with this opinion. Because section 61.13(2)(b) provides that an award of visitation rights to a grandparent may be made by the trial court if it is deemed to be in the child's best interests, the only issue before the district court on remand will be whether the trial court abused its discretion in determining that awarding visitation to the Wisharts was in the child's best interests. See Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975) (When the trial court, in a custody proceeding, makes a determination on the basis of the best interests of the child, the appellate court should not reverse absent a showing of abuse of discretion.).
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
GRIMES, J., Did not participate in this case.