545 So.2d 906 (1989)
Leslie BATES (Boggs), Appellant,
v.
Bobbie Sue WISHART and Charles Wishart, Appellees.
No. 86-2408.
District Court of Appeal of Florida, Second District.
April 7, 1989.
Leslie M. Bates, Boggs, pro se.
Charles F. Wishart, Brandon, for appellees.
RYDER, Acting Chief Judge.
On remand from the supreme court, appellant challenges the portion of the trial court's order awarding visitation with her minor child to appellees, Bobbie Sue Wishart (the child's paternal grandmother) and Charles Wishart (the child's step-grandfather). Pursuant to the supreme court's opinion, our jurisdiction on remand is limited to deciding whether the trial court abused its discretion in making its visitation award to the Wisharts. See Wishart v. Bates, 531 So.2d 955 (Fla. 1988). We find that the trial court did abuse its discretion and reverse.
The facts in this case are set forth in our previous opinion, Bates v. Wishart, 512 So.2d 977 (Fla. 2nd DCA 1987), and need not be set forth in detail again. Our review of the record indicates that there are three separate orders, entered at different times and by different judges, granting the Wisharts visitation. First, the final judgment of dissolution, entered by Judge Manuel Menendez, Jr. on February 26, 1985, grants Bobby Sue Wishart visitation one day every other month. Next, an order entered by Judge John G. Hodges on April 16, 1986 on the Wisharts' motion for contempt grants the Wisharts visitation every other Saturday for three hours, with appellant allowed to be present. Finally, the order on appeal, entered by Judge Peter J.T. Taylor on August 22, 1986, also grants the Wisharts visitation every other Saturday for three hours, but does not allow appellant to be present during visitation. This last order granting visitation was not entered in response to any written motion or petition requesting visitation, but was instead dispositive of several procedural motions by the Wisharts. The parties to this appeal agree that Judge Taylor heard legal argument but did not hold an evidentiary hearing, and did not otherwise consider evidence relevant to visitation, prior to making his visitation award.
The Wisharts concede that Judge Taylor should not have modified visitation *907 without having held an evidentiary hearing to determine the child's best interests. When visitation rights are granted and no appeal is taken, those visitation rights become fixed subject only to a material change in circumstances and for the best interests of the child. Ferrell v. Ruege, 397 So.2d 723 (Fla. 1st DCA 1981). Here, visitation rights were fixed with the visitation award made in the final judgment of dissolution. Those rights were modified by Judge Hodges' order, which was not appealed. The order on appeal could only again modify visitation after an evidentiary hearing at which material change in circumstances and the best interests of the child could be determined.
We conclude, therefore, that the trial court abused its discretion in making its visitation award. Our reversal reinstates Judge Hodges' visitation award contained in his order entered on April 16, 1986, which grants appellant the right to be present during the Wisharts' visitation with her child.
Reversed.
THREADGILL and PATTERSON, JJ., concur.