FERGUSON, Judge.
This bittersweet quandary required the trial court to choose between two caring and well-adjusted couples seeking to adopt an orphaned three-year-old. On one side are the maternal grand-aunt and her husband, and on the other side are the paternal grandparents.
The appellants-grandparents rely principally on section 63.0425(1), Florida Statutes (1989), which gives them first priority to adopt where a child has resided with the grandparent for at least six months.[1] The maternal grand-aunt and uncle, with whom the child has also resided, rely on sections 63.022(2)(Z) and 63.0425(4) which require the court to consider what is necessary and suitable to promote and protect the best interest of the person to be adopted. Section 63.0425(4) provides that the grandparent priority provision is not intended to contravene the best interest of the person to be adopted.
A judgment was entered for the maternal grand-aunt and uncle from which this appeal is brought. We affirm.
*1365 Both the court-appointed psychologist and the guardian ad litem gave the edge to the appellees on the basis of their socio-eco-nomic standing, level of education, location of the home, and the fact that the child had bonded with them.
Appellants contend that the priority should be interpreted as giving the adoption right to the grandparent unless to do so would be adverse to the child’s best interest. Appellees argue, as a construction of chapter 63 which gives meaning to all the relevant sections, that as between relatives seeking to adopt a child, the grandparents would prevail where the environment with them would better serve the child’s interest, or where all things were equal.
At the conclusion of the hearing, the trial court found both couples loving and capable. He determined, however, that all things were not equal and that the best interest of the child would be served by leaving her with the maternal aunt and uncle who were better qualified to guide her development over the next twenty years. We may not disturb that judgment because it is supported by competent and substantial evidence and the law as properly applied.
Affirmed.

. In an earlier appeal we remanded the case to the trial court for a determination which takes into account the statutory priority given to grandparents. 545 So.2d 318.