PER CURIAM.
The appellant, Alan Herndon, appeals the trial court’s order vacating previous orders awarding paternal grandparent visitation. The trial court set aside the orders under the mistaken belief that this was mandated by Shuler v. Shuler, 371 So.2d 588 (Fla. 1st DCA 1979).
We reverse because the trial court did have jurisdiction to enter the visitation orders. See Putnal v. Putnal, 392 So.2d 613 (Fla. 5th DCA 1981). At the time of the orders, the pending action was between true contestants, the former husband and former wife. Putnal recognizes that grandparents may move for visitation under section 61.13, Florida Statutes, in a pending action, either during the dissolution proceeding or during post-dissolution proceedings.
Additionally, we note that Shuler v. Shuler, 371 So.2d 588 (Fla. 1st DCA 1979), which we deem inapposite, was decided under section 61.13(2)(b), Florida Statutes (Supp.1978). Section 61.13 has subsequently been amended. See Fla.Stat. § 61.13(2)(b)2.c (1987). In any event, Shu-ler is consistent with the subsequent amendment to section 61.13(2)(b)2.c (1987).
GLICKSTEIN, GUNTHER and STONE, JJ., concur.