WIGGINTON, Judge.
We affirm the final judgment and the amendments to the final judgment granting the mother custody of the minor child without further comment except in regards to the issue of grandparental visitation rights. That issue was not directly addressed by the trial court in its final judgment, and in its “Amendments to Final Judgment” the court merely reserved jurisdiction to award grandparents’ visitation rights to the paternal grandparents upon motion and notice. The transcript of the hearing on appellant’s motion for rehearing shows that the trial court did not award grandparent visitation rights in this case because the father not only lived in the same vicinity as the paternal grandparents, but, in fact, lived in the grandparents’ home, which facilitated visitation between the paternal grandparents and the minor child. However, it was appellants’ concern that in the future, circumstances might preclude the grandparents from relitigat-ing their visitation rights and therefore requested some mention in the final order that they were entitled to visitation rights. Accordingly, the trial court accommodated them by reserving jurisdiction to award *15 visitation rights in the future. We find no abuse of discretion in the court’s resolution on that issue but would caution the court that in the future should such motion in fact again be filed, it must consider section 61.13(2)(b)2.c., and the provision for awarding grandparent visitation rights if it is deemed by the court “to be in the child’s best interest.” See Wishart v. Bates, 531 So.2d 955 (Fla.1988).
AFFIRMED.
ERYIN and SHIVERS, JJ., concur.