602 So.2d 973 (1992)
Fernando SAENZ, Appellant,
v.
Jean Hermanowski SAENZ, Appellee.
No. 91-3055.
District Court of Appeal of Florida, Third District.
July 7, 1992.
Rehearing Denied September 8, 1992.
Cynthia A. Greenfield, Miami, for appellant.
Melvyn B. Frumkes and Christopher A. Tiso, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and LEVY, JJ.
SCHWARTZ, Chief Judge.
The father appeals from an order which, inter alia, denied his motion to terminate the requirement in a previous temporary order of a general master which was approved by the trial court that his visitation with his minor daughter be conducted only *974 under supervision, and initially provided that his telephone conversations with the child were to be monitored by her mother, his ex-wife. We set aside the order under review in its entirety.
First, we find nothing in the record or otherwise which, under the existing circumstances, justifies the provision for supervised visitation.[1] Specifically, the conclusion that the appellant abused the child which apparently formed the basis of the ruling is totally unsupported either by the testimony or by an earlier finding of the general master. Consequently, the denial of the father's motion to terminate supervision constituted a clear abuse of discretion.
The order for monitoring the father-daughter telephone calls is likewise erroneous. This is because (a) by the explicit direction of the trial court, the issue was not tried at the hearing in question, see Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974), and (b) there was therefore[2] no evidence to support the granting of that relief.
For these reasons, the order under review is entirely reversed and the cause remanded with directions to grant the appellant's motion for termination of supervision, and for further proceedings consistent with this opinion.
Reversed and remanded with directions.
NOTES
[1] Because the master's report and the order confirming it were plainly only temporary in nature, the "change of circumstance" rule  which is an aspect of the doctrine of res judicata and, as such, concerns only final judgments  does not apply. Lee v. Meeks, 592 So.2d 282 (Fla. 1st DCA 1991); Malunney v. Pearlstein, 539 So.2d 493 (Fla. 2d DCA 1989), review denied, 547 So.2d 1210 (Fla. 1989); Burley v. Burley, 438 So.2d 1055 (Fla. 4th DCA 1983). Instead, the applicable doctrine is that rulings on temporary relief do not affect later orders on the same issue, which must be dealt with independently on the basis of the record which is then presented. Pearson v. Caudle, 593 So.2d 619 (Fla. 4th DCA 1992); Gilbert v. Gilbert, 105 So.2d 379 (Fla. 3d DCA 1958).

On that basis, the record at most shows that (a) the father has perhaps imprudently discussed the issues in this case with the child and (b) has been involved in a continuing and not unexpected conflict with his ex-wife. Neither can justify the severe restriction on the contact between daughter and parent which is embodied in the requirement of supervised visitation. Compare, e.g., Vannucci v. Vannucci, 546 So.2d 800 (Fla. 5th DCA 1989); Adams v. Adams, 376 So.2d 1204 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1109 (Fla. 1980); Hechler v. Hechler, 351 So.2d 1122 (Fla. 3d DCA 1977).
[2] It may be added that our analysis of the inadequacy of the record to support the supervision requirement applies also to this issue. See supra note 1.