SCHWARTZ, Chief Judge.
The Davises, who are the maternal grandparents of T.R.D., appeal from an order which limits their visitation privileges with the child. We reverse.
This is the third time these parties have appeared before this court. See Davis v. In re Adoption of T.R.D., 575 So.2d 1364 (Fla. 3rd DCA 1991); Davis v. Dixon, 545 So.2d 318 (Fla. 3rd DCA 1989), review denied, 551 So.2d 460 (Fla.1989). In the more recent case, we affirmed a final judgment which granted the petition for adoption of the Dixons, the child’s maternal great aunt and uncle, and awarded the appellants visitation in accordance with a schedule to which the parties then agreed but which was modified in the present order.
Like other such provisions, grandparents’ visitation privileges [1] established in a final judgment[2] may be modified only upon a material change in circumstances which has adversely affected the best interests of the child. Bates v. Wishart, 545 So.2d 906, 907 (Fla. 2d DCA 1989); Ferrell v. Ruege, 397 So.2d 723, 725 (Fla. 1st DCA 1981); see 25A Fla.Jur.2d Family Law § 886 (1992). We find that no such circumstances have been demonstrated. See Azar v. Azar, 584 So.2d 185 (Fla. 4th DCA 1991). The tension which the child may unfortunately undergo under the existing arrangement, upon which the appellees rely to justify the order below, is caused by a conflict between the parties which is inherent in the circumstances, and not by the Davises’ visitation. Under the law, the visitation therefore may not be restricted on this record. Compare Walborsky v. Walborsky, 258 So.2d 304 (Fla. 1st DCA 1972) (restriction of visitation justified by “extremely aggravating and distressing” conduct of non-custodial father), cert. denied, 263 So.2d 831 (Fla.1972); cf. also Vannucci v. Vannucci, 546 So.2d 800 (Fla. 5th DCA 1989) (sexual abuse of child sufficient reason to restrict visitation). For these reasons, the order under review is reversed. See Sharp v. Hixon, 293 So.2d 113 (Fla. 2d DCA 1974).
Reversed and remanded.

. Our conclusion makes it unnecessary to address the appellants’ contentions regarding the application of sections 752.01, 752.015, Florida Statutes (1991).

. Compare Saenz v. Saenz, 602 So.2d 973 (Fla. 3d DCA 1992).