THREADGILL, Acting Chief Judge.
Cynthia Lynn Bellini appeals from a non-final order clarifying and enforcing a final judgment of dissolution pertaining to visitation rights with the parties’ minor child. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(4). The wife contends that the relief requested was a modification, not clarification, which carries the burden to show changed circumstances and the child’s best interests. We agree and reverse.
A final order of dissolution entered in October 1987, incorporated the parties’ marital settlement agreement. The agreement provided for shared parental responsibility for the parties’ infant daughter with primary physical residence with mother and “reasonable visitation rights” to the father without further specification.
In February 1990, the court adopted a stipulation of the parties specifying the husband’s visitation rights. The order provided for the continuance of the established weekly visitation schedule until the 1990-1991 school year when the schedule would change to permit the husband to pick the child up from school Tuesdays and Thursdays for visitation each day. The order granted the husband additional visitation on alternate weekends and from 1:00 to 4:00 p.m. each Christmas.
Two years later, the husband moved for clarification, and the trial court expanded visitation rights to include six weeks' visitation in the summer. It is from this order that the wife appeals.
The wife contended at the hearing and on appeal that the husband was seeking a modification of the visitation schedule as set forth in the 1990 court order without having to show changed circumstances and the child’s best interest. See Bates v. Wishart, 545 So.2d 906 (Fla. 2d DCA 1989).
We find that the term “reasonable visitation” was defined and fixed by the 1990 order entered on the parties’ stipulation. Once visitation rights become fixed and no appeal has been taken, they can only be modified by an evidentiary showing of a material change in circumstances and the best interests of the child. Bates, 545 So.2d at 907. We therefore reverse the order of clarification and remand for further proceedings.
Reversed and remanded.
PARKER and BLUE, JJ., concur.