SCHWARTZ, Chief Judge.
Astonishingly enough, after the decision in Alvarez v. Alvarez, 566 So.2d 516 (Fla. 3d DCA 1990), the mother and child in question moved back from New Jersey to Miami. In these circumstances, it is apparent, not only that the Dade County Court had jurisdiction over the custody proceeding under Section 61.1308, Florida Statutes (1989), Yurgel v. Yurgel, 572 So.2d 1327 (Fla.1990); Alvarez, 566 So.2d at 518-19 (indicating that Florida had concurrent jurisdiction even though child was in New Jersey), but that Florida is now the eminently “convenient forum,” § 61.1316, Fla. Stat. (1989), in which the issue should be tried. Compare Alvarez, 566 So.2d at 519-20 (holding that Florida was then an “inconvenient forum” so that jurisdiction must be deferred to New Jersey where the child then resided). Hence, we reject the mother’s present challenge to the jurisdiction of the lower court.
We similarly find no error in the visitation order entered below.[1] See Yandell v. Yandell, 39 So.2d 554 (Fla.1949); Saenz v. Saenz, 602 So.2d 973 (Fla. 3d DCA 1992), review denied, 613 So.2d 8 (Fla.1992).
Affirmed.

. The stay of the order pending appeal is vacated forthwith.