PER CURIAM.
We have for review the complaint of The Florida Bar and the referee’s report regarding alleged ethical breaches by Joseph Canto. We have jurisdiction. Art. V, § 15, Fla. Const.
On August 17, 1994, The Florida Bar filed a formal complaint against Respondent Joseph V. Canto.[1] Subsequently, on January *584 11, 1995, The Florida Bar filed a second complaint against Canto.[2] All of the alleged violations in these eases stem from a dismissed civil case from which Canto was disqualified as counsel several years ago, but continues to litigate. The cases were consolidated and a final hearing on both cases was held on May 3, 1995. At the hearing, Canto admitted that his ongoing violations were knowing and willful and, according to his own testimony, he intended to pursue this course until he dies.
The referee recommends that Canto (1) be suspended from the practice of law for a period of two years, (2) be required to take and pass the Florida bar examination in its entirety prior to filing a petition for reinstatement to the practice of law in this state, and (3) be required to pay the costs of the disciplinary proceedings.
A referee’s findings of fact in attorney discipline proceedings are presumed correct and will be upheld unless clearly erroneous and lacking in evidentiary support. Florida Bar v. Seldin, 526 So.2d 41, 43-44 (Fla.1988); Florida Bar v. McKenzie, 442 So.2d 934 (Fla.1984). The party seeking review in a bar discipline proceeding has the burden of showing that the referee’s findings are clearly erroneous or unsupported by the record. Florida Bar v. McClure, 575 So.2d 176, 177 (Fla.1991). Unless that burden is met, the referee’s findings and recommendations will be upheld on review.
In this case, the referee found each and every allegation set forth in the Bar’s complaints to be proven by clear and convincing evidence. Canto does not refute the findings and recommendations made by the Referee. Instead, Canto argues the alleged merits of the dismissed civil case from which he was disqualified as counsel and the alleged misconduct of another lawyer. Rather than requesting relief in the disciplinary matter, Canto seeks affirmative action by this Court in the form of orders to lower tribunals and individuals in the civil case in which he was involved.
We find, based on a review of the record, the referee’s findings of fact and determinations of guilt are supported by competent, substantial evidence. See Florida Bar v. MacMillan, 600 So.2d 457 (Fla.1992). Additionally, we approve the referee’s recommendation as to discipline. The sanction resulting from a Bar disciplinary action must serve three purposes: the sanction must be fair to society; the sanction must be fair to the attorney; and the sanction must be severe enough to deter other attorneys from similar misconduct. See Florida Bar v. Lawless, 640 So.2d 1098 (Fla.1994). Moreover, we routinely have imposed significant disciplinary sanctions when confronted with cumulative misconduct. Florida Bar v. Vernell, 374 So.2d 473 (Fla.1979).
We find that a two-year suspension, passing the Florida bar examination before petitioning for reinstatement, and paying the costs of the disciplinary proceedings effectuates the three purposes noted above. See Florida Bar v. Wishart, 543 So.2d 1250 (Fla.1989) (attorney suspended for three years for willfully violating court orders concerning custody of his stepdaughter), cert, denied, 493 U.S. 1044, 110 S.Ct. 839, 107 L.Ed.2d 834 (1990). While we appreciate that Canto has no prior disciplinary history and has been perfectly candid and admitted that he filed *585 documents and engaged in the practice of law while suspended, we give great weight to the referee’s recommendation in the face of Canto’s consistent refusal, at all stages of the proceedings, to recognize the authority of the court. We find that Canto’s repeated refusal to accept the directives of the court are of a most serious order. The record contains un-refuted evidence of the injury he has caused his former clients, third parties, and the courts. Such disdain for the legal system simply can not be tolerated.
Accordingly, we approve the referee’s findings of fact, determinations of guilt, and recommended discipline. Joseph Canto is hereby suspended for a period of two years and thereafter for an indefinite period until he passes the Florida bar examination in its entirety and pays the costs of the disciplinary proceedings. Because Canto has retired from the practice of law except for his continued efforts to pursue the dismissed civil case from which he was disqualified as counsel, his suspension is effective immediately. Canto shall accept no new business from the date this opinion is published until the suspension is completed. Judgment is entered against Canto for costs in the amount of $2,703.90, for which sum let execution issue.[3]
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. The complaint alleged that Canto violated the following Rules of Professional Conduct: rule 4-1.1 (a lawyer shall provide competent representation to a client); rule 4-1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to pro *584 tect a client's interest); rule 4 — 3.3(a)(1) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal); rule 4-3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists); rule 4-3.5(c) (a lawyer shall not engage in conduct intended to disrupt a tribunal); and rule 4 — 8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).

. This complaint alleged that Canto violated rule 3-4.2 (Rules of Professional Conduct) and rule 3-4.3 (the commission by a lawyer of any act which is unlawful or contrary to honesty and justice) of the Rules of Discipline of The Florida Bar; rule 1-3.6 (Delinquent Members) of the Rules Regulating the Florida Bar; rule 4 — 8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct); rule 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); and rule 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) of the Rules of Professional Conduct of The Florida Bar.

. Upon petition from Canto, the Bar is authorized to develop an agreeable payment plan.