OWEN, Judge.
In May, 1968, at the age of 73, Helen F. McDonnell was adjudged mentally incompetent. Subsequently, in a separate proceeding, the court appointed guardians for both the person and property of Mrs. McDonnell. In May, 1970, Mrs. McDonnell’s sister filed a petition seeking restoration of competency pursuant to the provisions of Section 394.22(15), F.S.1969, F.S.A. A hearing was held in May, 1971, and Mrs. McDonnell appeals from the order denying the petition for restoration of competency.
Appellant contends, and we agree, that the trial court misconstrued the legal effect of the evidence. The issue at a hearing of this type is whether the adjudicated incompetent is of sound mind and is capable of managing her own affairs. Section 394.-22(15) (d), F.S.1969, F.S.A. Although the several physicians who had examined or treated Mrs. McDonnell over the past few years preceding the hearing had variously diagnosed her physical ailments as arterio-sclerotic vascular disease, congestive heart failure, early cirrhosis, gastritis and excessive use of alcohol, they all expressed the view that when Mrs. McDonnell was not drinking she was alert, well-oriented as to her circumstances and surroundings and capable of taking care of herself and of managing her own affairs.
Mrs. McDonnell is a lady of considerable wealth, and thus, there is necessarily a greater concern that she might become the victim of designing persons than would be the case if she were a person of meager means. But her testimony amply demonstrated that she was fully aware of the nature and extent of her financial holdings, and she emphatically declared that if she were restored to competency she would rely upon the services of the same investment counselor that she had utilized before being adjudicated incompetent (and whose services are now being utilized by the guardians of her property). True, prior to the adjudication of incompeténcy she had on her own made a bad investment of $10,000 and had made an uncollectable loan of $6,000, but as she explained, these experiences had taught her to avoid similar investments or loans in the future. Overlooked is the fact that a very appreciable part of her present estate is attributable to a relatively small investment she had made a number of years ago against the advice of her husband and investment counselor. No one, no matter how astute, is immune from bad investments. It is little more than pure speculation to conclude from these isolated examples that she cannot manage her own property or is likely to dissipate it or become the victim of designing persons. In our present day paternalistic society we must take care that in our zeal for protecting those who cannot protect themselves we do not unnecessarily deprive them of some rather precious individual rights.
Mrs. McDonnell’s efforts to be restored to competency were resisted by the guardians of her person, the guardians being her two married daughters. The evidence which they caused to be brought before the court at the time of the hearing on the petition for restoration of competency certainly tends to establish that Mrs. McDonnell indulges in alcoholic beverages to an excess with sufficient frequency as to be harmful to her physical health. On a number of occasions she has become intoxicated to the extent that she has required someone to help her physically. The medical testimony established that her continued excessive use of alcohol would be harmful physically and could impair her ability to manage her own property. Well-intentioned though her daughters may have been in seeking to provide her help *89 for what approaches physical incompetency, it is clear to us that at the time of the hearing on the petition for restoration Mrs. McDonnell was not mentally incompetent. To the contrary, she was of sound mind and capable of managing her own affairs. As such, she was entitled to an order as provided in Section 394.22(15) (d), F.S.1969, F.S.A.
The order appealed is reversed and this cause remanded for entry of an appropriate order consistent herewith. We recognize that the very nature of an inquiry into the mental competency of a person necessarily requires a determination of competency at a specific time, and does not preclude an inquiry into competency at a subsequent date upon a showing of a change of condition.
Reversed and remanded.
REED, C. J., and MAGER, J., concur.