LETTS, Judge.
This appeal stems from a trial court’s finding of incompetency under section 744.-331, Florida Statutes (1985). We affirm.
This case, like countless others, involves a struggle between the children of the alleged incompetent by another marriage and a new wife. Without a detailed recitation of all the facts, we are convinced that there was competent and substantial evidence in the record to justify the trial court’s ruling that John Winder Bryan, Jr., is incompetent. However, our conclusion does not adequately dispose of the point on appeal without further discussion. It is the incompetent’s contention that the trial judge’s decision should have been based on clear and convincing evidence, and that, since the evidence was in conflict, the decision was actually arrived at by a mere preponderance of the evidence which was an unacceptable lower standard.[1]
We have researched the applicable statute and can find no words therein which would suggest that the evidence must be clear and convincing. Moreover, the appellant concedes that research has not revealed any Florida cases in which it was specifically held that the clear and convincing test is applicable where a person is declared “incompetent to manage his property.”
Nonetheless, several cases are cited to us which bear on the problem and we shall briefly discuss them. In a case out of this very court, In re McDonnell, 266 So.2d 87 (Fla. 4th DCA 1972), we reversed a trial court’s declaration of incompetency, finding the evidence insufficient to uphold the ruling. However, in that case we made note that the alleged incompetent was “fully aware of the nature and extent of her financial holdings.” By contrast, in the case at bar there is competent and substantial evidence in the record that the incompetent was not fully aware of the nature and extent of his financial holdings. Further, the court concluded in McDonnell that the alleged incompetent was suffering from no more than alcoholism. True, evidence as to alcoholism is also present in the case at bar, but there was other evidence in addition to alcoholism, such as, for example, the failure to comprehend the nature and extent of his holdings, already referred to above.
We are also cited to In re Beverly, 342 So.2d 481 (Fla.1977), in which the court adopted a clear and convincing standard of proof in civil commitment proceedings. We agree that being declared incompetent to manage property is a very serious matter, but being involuntarily committed is *1064 much worse. Preponderance of the evidence is the acceptable level of proof in nearly all civil cases. Many such involve results almost as drastic as the one pertaining here. For instance, as a result of dissolution proceedings, a parent may have his or her children taken away. A large adverse judgment may completely wipe out a defendant financially.
Nonetheless, the appellant cites us to an Ohio case in which the degree of proof required for incompetency was held to be clear and convincing evidence. In In re Guardianship of Corless, 2 Ohio App.3d 92, 440 N.E.2d 1203 (1981) the court stated:
For these reasons, this court feels that the degree of proof required should be clear and convincing evidence. Once a guardian has been appointed, the ward can no longer direct the disposal of his own property, create legal relations, enter contracts, or transact any other business. While he or she may remain physically unconfined, mentally there is almost total confinement. Thus, the consequences to the proposed ward are so drastic that nothing less than this degree of proof will adequately protect the rights of that person.
There are many instances in which we certify questions stating them to be of great public importance, where there is room for debate as to whether they are in fact of great significance. Unquestionably, however, the case here is one of great public importance and accordingly we hereby certify the following question to our supreme court:
IN A DECLARATION OF INCOMPETENCY, DOES THE STANDARD OF PROOF OF PREPONDERANCE OF THE EVIDENCE SUFFICE IF IT IS BASED ON COMPETENT AND SUBSTANTIAL EVIDENCE IN THE RECORD?
DOWNEY and STONE, JJ., concur.

. Although not determinative of the result, we note, parenthetically, that this particular judge declared that his finding was based on "clear and convincing evidence.” For a detailed discussion on clear and convincing evidence, see Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983). We do not believe Slomowitz supports the preposition that evidence in opposition precludes a finding of clear and convincing evidence. In fact at page 800, it speaks to the contrary. Thus, even if our conclusion (that competent and substantial evidence suffices) is wrong, we do not suggest that the judge in this case was in error by saying the evidence clearly convinced him. Perhaps the Supreme Court may consider this aspect of the case if it answers our certified question in the negative.