SHARP, Judge.
Christina A. Vannucci appeals from the trial court’s ruling (after a full hearing) on her motion to limit or terminate Randy Vannucci’s visitation rights with the parties’ three-year old daughter. The trial court imposed various conditions on Randy’s visitation rights (constant supervision by Randy’s parents, and Randy’s commencing therapy to obtain counselling and a psychological profile for the court), but it ordered that Randy’s one-month visitation in Pennsylvania with the child commence on July 24, 1989. We received Christina’s Emergency Motion for Stay/Restraining Order on July 22, 1989 and due to the nature of the case, we expedited the non-final appeal.[1]
The transcript of the hearing contains sufficient evidence to support a finding by the trial judge that Randy sexually abused the child when she was visiting him in Pennsylvania last summer. It also contains a vigorous denial by Randy that he abused the child, supported by testimony from his relatives that in the prior two summer visitations, Randy was never alone with the child. If the trial judge believed Randy’s side of the case, he should have denied the appellant’s petition to modify visitation. If he found by a preponderance of the evidence[2] that the child was sexually abused by Randy, then he should have granted appellant’s petition, and restricted appellee’s visitation rights in a manner designed to realistically protect the child, until the judge is convinced the child is no longer in danger.
Unfortunately, the trial judge did neither in this case. Therefore we quash the order appealed and remand to the trial judge for entry of a proper order. If the trial judge determines that the evidence established by *801 a preponderance thereof that Randy abused the child, the court shall make such a finding, and shall limit Randy’s visitation rights in such a manner that the court will have control, jurisdiction and authority over the supervising party, and any conditions or requirements regarding visitation can be enforced by him. If the trial judge finds that appellant failed to establish by a preponderance of the evidence that appel-lee abused the child, then appellant’s motion to limit visitation should be denied.
QUASH order; REMAND.
No motion for rehearing will be entertained.
DANIEL, C.J., and COBB, J., concur.

. Fla.R.App.P. 9.130.

. In re Bryan, 531 So.2d 1062, 1063-1064 (Fla. 4th DCA 1988); Solomon v. McLucas, 382 So.2d 339, 346 (Fla. 2d DCA), rev. denied, 389 So.2d 1112 (Fla.1980).