550 So.2d 447 (1989)
In re John Winder BRYAN, Jr., Etc.
No. 73330.
Supreme Court of Florida.
September 7, 1989.
Rehearing Denied November 15, 1989.
Larry Klein of Klein & Beranek, P.A., West Palm Beach, and Dingwall & Stanley, Fort Lauderdale, for petitioner.
Gary S. Maisel of Patterson, Maloney & Gardiner, Fort Lauderdale, for respondents.
KOGAN, Justice.
John Winder Bryan Jr., declared by the trial court to be incompetent to manage his property pursuant to section 744.331, Florida Statutes (1987), petitions this Court to review the opinion of the Fourth District Court of Appeal affirming that order. In re Bryan, 531 So.2d 1062 (Fla. 4th DCA 1988). The district court certified to us a question of great public importance. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and we quash the district court opinion.
Bryan's sons sought to have Bryan declared incompetent to manage his property. The trial court, after hearing evidence and testimony from several experts and other witnesses, including Bryan himself, determined that Bryan was incompetent. Bryan appealed to the Fourth District, alleging that the trial court used a "preponderance of the evidence" standard when it should have used the stricter "clear and convincing evidence" standard. Because the district court could not determine which standard was proper, it affirmed the trial court order declaring Bryan incompetent, but certified to use the following question of great public importance:
IN A DECLARATION OF INCOMPETENCY, DOES THE STANDARD OF PROOF OF PREPONDERANCE OF THE EVIDENCE SUFFICE IF IT IS BASED ON COMPETENT AND SUBSTANTIAL EVIDENCE IN THE RECORD?
Bryan, 531 So.2d at 1064. For the reasons which follow, we answer the certified question in the negative and quash the opinion of the district court.
To identify the appropriate standard for adjudicating a person incompetent, we must first look to the statute which governs proceedings in these matters. That statute provides:
No guardian of the person or of the property, or both, of a person alleged to be mentally or physically incompetent *448 shall be appointed until after the person has been adjudicated to be incompetent in proceedings instituted for that purpose, in the following manner:
(1) When a person is believed to be incompetent because of mental illness, sickness, excessive use of alcohol or drugs, or other mental or physical condition, so that he is incapable of caring for himself or managing his property or is likely to dissipate or lose his property or inflict harm on himself or others, a verified petition may be filed where the alleged incompetent resides or is found, for a judicial inquiry into the mental or physical condition, or both, of the alleged incompetent.
§ 744.331, Fla. Stat. (1987). It is clear the statute provides no guidance regarding the proper standard for adjudication of incompetency under section 744.331. It is equally clear, as both parties recognize, that no case in Florida effectively settles the point. The district court cited one case, from Ohio, which held that clear and convincing evidence was the proper standard of proof in competency proceedings. In re Guardianship of Corless, 2 Ohio App.3d 92, 440 N.E.2d 1203 (1981).
The Ohio Court of Appeals in Corless faced a situation similar to the one we face here. In that case, a woman declared incompetent by a trial court appealed to the intermediate appellate court, which was required to determine the proper standard for determining whether a guardian should be appointed. The court held:
the degree of proof required should be clear and convincing evidence. Once a guardian has been appointed, the ward can no longer direct the disposal of his own property, create legal relations, enter contracts, or transact any other business. While he or she may remain physically unconfined, mentally there is almost total confinement. Thus, the consequences to the proposed ward are so drastic that nothing less than this degree of proof will adequately protect the rights of that person.
Id. at 96, 440 N.E.2d at 1207. We find this reasoning compelling and adopt with approval the above-cited language.
We agree with the Ohio court that a clear and convincing evidence standard is necessary before one can be deprived of these basic property rights. The only remaining question is whether that standard was met at the trial court level. Although the trial court's order stated that it found Bryan incompetent by clear and convincing evidence, the district court expressed no opinion as to whether the evidence was sufficient under that standard. However, our review of the record discloses that the evidence presented during the proceeding in the trial court failed to meet the clear and convincing standard necessary to declare Bryan incompetent, and therefore we find that the trial court erred in its ruling.[*]
Accordingly we answer the certified question in the negative and quash the opinion of the Fourth District Court of Appeal, and remand this case to that court for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW and BARKETT, JJ., concur.
GRIMES, J., dissents with an opinion, in which OVERTON, J., concurs.
GRIMES, Justice, dissenting.
I can agree that a person should not be declared incompetent to manage his property except upon clear and convincing evidence. I also believe that had I been the trial judge I would not have determined Mr. Bryan to be incompetent. However, in reviewing the record, I cannot say that the trial judge erred in reaching a contrary conclusion. In other words, there is sufficient evidence in this record from which the trial judge applying the clear and convincing standard could reasonably conclude that Mr. Bryan was incompetent, particularly *449 since Mr. Bryan personally testified before him at some length.
I respectfully dissent.
OVERTON, J., concurs.
NOTES
[*] In some cases, however, even when the evidence is in conflict, the proof may be more than sufficient to meet the standard of clear and convincing evidence.