COWART, Judge,
dissenting.
The natural mother appeals a final order permanently terminating her visitation rights with her child, prohibiting any further contact by the mother with the child in any manner or form, and awarding sole parental responsibility for the child to the natural father.
The effect of the court’s order is to essentially terminate the mother’s parental rights without compliance with the provisions of Chapter 39, Florida Statutes. Further, the permanent termination of visitation is appropriate only where other available remedies would be inadequate to protect the welfare of the child. See section 61.13(2)(b)l, Florida Statutes, which recognizes “[i]t is the public policy of this state to assure that each minor child has frequent and continuing contact with both parents” after dissolution. See also Yandell v. Yandell, 39 So.2d 554 (Fla.1949). The reason for the sanctions appears to be to punish the mother for her uncooperative and contemptuous conduct. If sanctions are appropriate they should be fashioned other than to be directed against the mother’s natural and inherent right to visit her child. The court can also fashion many limitations and restrictions on visitation rather than to deny it entirely, for example, the court can permit visitation only in a secure, supervised environment. See Vannucci v. Vannucci, 546 So.2d 800 (Fla. 5th DCA 1989).
The order barring all contact, in any manner or form, and barring visitation should be reversed and the case remanded with directions that some provision for contact and visitation be permitted with only limitations and restrictions necessary to prevent the mother from kidnapping the child or in any manner doing physical harm to the child.