624 So.2d 770 (1993)
In re Annabelle FEY, a/k/a Annabel Fey.
Willard R. FEY, Appellant,
v.
Vivian Guyon CURTIS, Appellee.
No. 92-1253.
District Court of Appeal of Florida, Fourth District.
September 15, 1993.
Frank J. Mulhall of Rutherford, Minerley & Mulhall, P.A., Boca Raton, for appellant Willard R. Fey.
Fran R. Barrett of Barrett & Barrett, P.A., Lauderhill, for appellee Vivian Guyon Curtis.
R. Brady Osborne, Jr., and Roderick C. McDonald of Osborne, Hankins, MacLaren & Redgrave, Boca Raton, for appellee Sunbank/South Florida, N.A.
POLEN, Judge.
Appellant, Willard R. Fey, is the stepson of Annabelle Fey (a/k/a Annabel Fey) ("the Ward"), the individual who is the subject of a guardianship petition and counterpetition filed below. Appellant, who is also the natural son of the Ward's husband, *771 appeals from a final order that appoints appellees, Vivian Guyon Curtis ("Curtis"), as plenary guardian of the Ward's person and Sunbank/South Florida, N.A. ("the bank"), as plenary guardian of the Ward's property. Appellees were the petitioners for their respective guardianships below and appellant was the counterpetitioner. On March 9, 1993, this court held oral argument, and on March 30, 1993, the bank filed a motion to dismiss the appeal on the ground of mootness, as the Ward passed away on March 27, 1993. Appellee Curtis was in accord with the motion. We decline to dismiss the appeal, however, as we consider one of the issues raised herein to be of great public interest, because it is likely to recur and has not previously been addressed by our state courts of appeal. See In re T.W., 551 So.2d 1186 (Fla. 1989); Holly v. Auld, 450 So.2d 217 (Fla. 1984).
The present record shows that Curtis was a complete stranger to the Ward prior to the proceedings below. In fact, it was the director of social services at Whitehall Manor Nursing Home, where the Ward resided until her death, who urged Curtis to file the petition for guardianship of the Ward.
The Ward was married to Russell Fey, her third husband, for five (5) years at the time of the proceedings. Both were in their eighties. On or about June, 1991, appellant allegedly learned that his father and the Ward were experiencing some difficulties maintaining their affairs. Appellant offered to move the Ward and his father to Atlanta, Georgia, to live with him. The issue of whether the Ward ever agreed to this arrangement was highly disputed. Appellant's testimony was that the Ward was in agreement; however, there is substantial record testimony to the contrary.
In July, 1991, the Ward was hospitalized with gastrointestinal problems. After her release, she required the assistance of a nurse's aide in her home. In August, 1991, the Ward was again hospitalized, this time with a respiratory infection. The record shows that she suffered some physical and mental deterioration at that time which precluded her release to her home, and she was instead released to Whitehall Manor Nursing Home.
When it became apparent that appellant continued to insist on moving the Ward to Georgia, the director of social services of the nursing home urged Curtis, a complete stranger to the Ward prior to the proceedings below, to file a petition for determination of incapacity and guardianship of the Ward.
The petition was filed in November. Mr. R. Brady Osborne entered an appearance for the Ward by filing a petition on the Ward's behalf to enjoin her removal from the nursing home. However, the record reflects that prior to the final hearing, the court did not appoint nor did the Ward solicit the services of Mr. Osborne to represent the Ward. After two days of hearing, the court entered an order determining the Ward to be incapacitated and appointing Curtis to be the guardian of the Ward's person.
Appellant argues that the trial court's failure to appoint independent counsel at the onset of these proceedings to represent the Ward constituted error of constitutional proportion, because such failure deprived the Ward of her right to due process and equal protection of the laws and was violative of section 744.331(2)(a) and (b) (Supp. 1990). We agree. Section 744.331(2)(a) provides:
The court shall appoint an attorney for each person alleged to be incapacitated in all cases involving a petition for adjudication of incapacity. The alleged incapacitated person may substitute his own attorney for the attorney appointed by the court.
(Emphasis added.) Paragraph (2) adds:
Any attorney representing an alleged incapacitated person may not serve as guardian of the alleged incapacitated person or as counsel for the guardian of the alleged incapacitated person.
This section became law pursuant to Chapter 89-96, Laws of Florida, which considerably amended the Florida Guardianship Law. Chapter 89-96 sets forth very specific procedures which shall be followed to determine incapacity, including but not limited to, the giving of notice, providing independent counsel, appointing an examining committee, submitting *772 a committee report. For the first time, it imposes the requirement that the court shall appoint an attorney and expressly limits that attorney to the representation of the alleged incapacitated individual in that cause of action. We also note the stated legislative intent in section 744.1012:
Legislative intent.  The Legislature finds that the adjudication of a person which declares him to be totally incapacitated and in need of a guardian deprives such person of all his civil and legal rights and that such deprivation may be unnecessary. The Legislature further finds that it is desirable to make available the least restrictive form of guardianship to assist persons who are only partially incapable of caring for their needs. Recognizing that every individual has unique needs and differing abilities, the Legislature declares that it is the purpose of this act to promote the public welfare by establishing a system that permits incapacitated persons to participate as fully as possible in all decisions affecting them; that assists such persons in meeting the essential requirements for their physical health and safety, in protecting their rights, in managing their financial resources, and in developing or regaining their abilities to the maximum extent possible; and that accomplishes these objectives through providing, in each case, that form of assistance that least interferes with the legal capacity of a person to act in his own behalf. This act shall be liberally construed to accomplish this purpose.
The clear language in sections 744.331(2)(a) and (b) requires that upon the filing of a petition alleging an individual to be incapacitated, it is incumbent upon the trial court to appoint an independent attorney to represent the alleged incapacitated person.[1] Once the independent attorney has been appointed, the incapacitated person may then substitute his/her own attorney of choice. The attorney, whether appointed by the trial court, or later substituted by the alleged incapacitated individual, cannot represent anyone but the alleged incapacitated individual in that cause of action and may not serve as the individual's guardian.
The present record shows that appointment of independent counsel was untimely under subsection (2)(a). The court appointed Mr. Osborne at the commencement of the final hearing. It did so only on the attorney's statement that his firm had represented the Ward in the past on other matters. This occurred long past the pleadings and trial preparation stage. We hold that counsel's appointment violated section 744.331(2)(a). Furthermore, the attorney's representation of the Ward during the hearing overlapped with his very evident representation of Vivian Curtis, despite Curtis's argument to the contrary. Vivian Curtis was the original petitioner seeking guardianship of the Ward's person. This was clearly improper under subsection (2)(b).
We hold that compliance with section 744.331 and rule 5.550 is mandatory and that the trial court's failure to adhere to these requirements at bar constituted error of fundamental proportions. It follows that we are not persuaded by Vivian Curtis's contention that we should weigh prejudice to the Ward, if any, when reviewing an order appointing a guardian under section 744.331. We reverse the order on appeal and remand this cause for such further proceedings as may be presented to the trial court for resolution, consistent with this opinion, and notwithstanding the death of the ward.
DELL, C.J., and WARNER, J., concur.
NOTES
[1] Moreover, Florida Probate Rule 5.550(b)(1)(B) provides that the requisite notice of filing the petition to determine incapacity shall state "that an attorney has been appointed to represent such person;" thus, the appointment of counsel must be accomplished at the very onset of guardianship proceedings, as opposed to any time before final hearing. The notice filed at bar bears the title "Notice to Alleged Incapacitated Person and Order Fixing Hearing Date. F.S. 744.331(1)," however, it does not comply with the rule. It states, "You may be heard at said hearing in person or by counsel. You are advised that unless you are represented by legal counsel of your own choosing, counsel will be appointed by the Court to assist you." The notice thus reverses the sequence of what needs to occur under the statute.