738 So.2d 997 (1999)
George E. MANASSA, Sr., Appellant,
v.
Janice S. MANASSA, Appellee.
No. 98-4086.
District Court of Appeal of Florida, First District.
July 19, 1999.
Rehearing Denied August 19, 1999.
John Paul Howard, Jacksonville, for appellant.
William H. Maness, Jacksonville, for appellee.
PER CURIAM.
Appellant, George E. Manassa, Sr. (Mr. Manassa) appeals the trial court's order determining him to be incapacitated and in need of a plenary guardian. We affirm.
Mr. Manassa is 84 years old. His wife, appellee, Janice Manassa (Mrs. Manassa) is 59 years old. They have been married approximately 20 years. On October 6, 1998, Mrs. Manassa petitioned to have Mr. Manassa determined incapacitated and to have herself appointed plenary guardian. Mr. Manassa, in his answer, denied he was incompetent, but requested that in the event it was necessary to appoint a plenary guardian, that his daughter, Christina Pringhipakis, be appointed. After conducting an evidentiary hearing and receiving testimony, the trial court entered an order finding Mr. Manassa incapacitated, and appointed Ms. Pringhipakis plenary guardian.
On appeal of an order determining incapacity, the standard of review is whether competent substantial evidence was presented during the proceeding below to meet the clear and convincing evidence standard necessary to support a factual finding of incapacity. See In re Guardianship of Fuqua, 646 So.2d 795, 796 (Fla. 1st DCA 1994) (citing In re Bryan, 550 So.2d 447 (Fla.1989)). Competent substantial evidence is defined as "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla.1957). The evidence should be "sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached." Id.
In the case at bar, the record is replete with conflicting medical reports and testimony regarding Manassa's competence. It is the purview of the trial court to determine the credibility and weight of the evidence. See LeWinter v. Guardianship of LeWinter, 606 So.2d 387, 388 (Fla. 3d DCA 1992). This court will not reweigh the testimony and evidence, or substitute its judgment for that of the trier *998 of fact. See In re Adoption of Baby E.A.W., 658 So.2d 961, 966 (Fla.1995). The trial court noted that, with the exception of the examining committee which has seen hundreds of cases to determine incapacity, the medical reports were from physicians who are not professionals in mental health care proceedings. The examining committee opined that Mr. Manassa was incapacitated, and it recommended appointment of a plenary guardian. The trial court weighed the evidence and accepted the recommendation of the examining committee.
Mr. Manassa argues for reversal based upon LeWinter v. Guardianship of LeWinter, 606 So.2d 387 (Fla. 3d DCA 1992), where the third district reversed a trial court's order of incapacity against a 94-year-old man in guardianship proceedings brought by his adopted son. The LeWinter case, though somewhat similar to the one at bar, is distinguishable. The record in LeWinter contained no testimony, other than that of the examining committee, that Mr. LeWinter lacked capacity. See id. at 388. The report of the examining committee was "rendered entirely valueless," however, by the admitted fact of Mr. LeWinter's marked improvement since the committee had conducted its exam. See id. In the case at bar, the record contains medical reports which indicate Mr. Manassa's mental capacity had been diminishing for some time, as well as lay testimony concerning incidents reflecting his lack of competence. There is also no evidence here that the report of the examining committee was stale.
We find the record contained competent substantial evidence to support the trial court's order determining incapacity and appointing his daughter plenary guardian.
Affirmed.
JOANOS, WOLF and PADOVANO, JJ., concur.