746 So.2d 564 (1999)
In re Emmanuelle MAYNES-TURNER, Ward, Appellant.
No. 98-2732.
District Court of Appeal of Florida, Third District.
December 15, 1999.
*565 Ferdie & Gouz and Ainslee Ferdie, Miami, for appellant.
Appellee precluded from oral argument.
Before JORGENSON, LEVY, and GREEN, JJ.
PER CURIAM.
On November 21, 1996, due to a serious injury, Emmanuelle Maynes-Turner was declared incompetent, and her adult son and daughter were named as guardians. Approximately a year and a half later, she filed a Suggestion of Capacity. The trial court followed the examining doctor's recommendations and only partially restored her rights. We reverse and direct the trial court on remand to restore Ms. Turner to full competency.
The examining doctor reported objective findings consistent with full competency. He indicated that Ms. Turner was aware and knowledgeable during his examination. Additionally, the record reflects that Ms. Turner was aware of the proceedings and knew the state of her affairs. However, the doctor and the trial court both expressed paternalistic feelings about the possibility that she might make future harmful decisions.[1] "In our present day paternalistic society we must take care that in our zeal for protecting those who cannot protect themselves we do not unnecessarily deprive them of some rather precious individual rights." In re McDonnell, 266 So.2d 87, 88 (Fla. 4th DCA 1972). Absent his paternalistic notion that she might make decisions that could harm her, the doctor found Ms. Turner possessed the requisite level of capacity for full restoration. It was error, therefore, for the trial court to do otherwise, and Ms. Turner should be restored to competency.
For the above reasons, we reverse the trial court's partial restoration of competency and direct the court to enter an order for full restoration of her rights.
REVERSED AND REMANDED.
NOTES
[1] The doctor observed that: "Cognitively she does reasonably well. She would seem to possess the necessary knowledge that would be required for restoration, however, I do not know that she could make effective decisions and might pose significant risks for herself on the basis of those decisions that she would make." The trial court adopted the doctor's recommendations.