821 So.2d 1197 (2002)
Derek SMITH and Brenda Ghibaudy, Appellants,
v.
Melvin J. LYNCH and John F. Lynch, Appellees.
No. 4D01-2619.
District Court of Appeal of Florida, Fourth District.
July 24, 2002.
David M. Scott and Gene D. Lipscher of Alley, Maass, Rogers & Lindsay, P.A., Palm Beach, for appellant.
Robert L. Donald of the Law Office of Robert L. Donald, Fort Myers, and Michael W. Connors of the Law Office of Michael W. Connors, North Palm Beach, for appellees.
FARMER, J.
This appeal arises from a guardianship proceeding. After a trial on the issue, the court found the subject of the proceedings incompetent but declined to appoint a guardian. Appellants, a grand niece and grand nephew of the Ward, argue that a guardian was required upon the finding of incompetency. The husband of the Ward and her step-daughter argue that no guardian is either required or indicated, the Ward having previously given them a durable power of attorney to manage and deal with her property. We agree with the husband and step-daughter and write to clarify the application of apparently conflicting statutes.
We first affirm the trial court's implicit finding that the Ward was competent when she made and delivered her durable power of attorney (DPOA). Admittedly the testimony was in conflict. The attorney retained to advise her and prepare the instrument testified that the Ward was then competent to do so. A physician testified that he examined her at the same time and that he concluded that she had a moderate dementia of the Alzheimer's type. He added that he did not believe that she had the mental capacity "to make those kinds of decisions." Her husband testified that at that time she had both good and bad days; she had times when she was lucid and times when she forgot where she was and what she was doing. The Ward's step-daughter testified that on the precise day when she executed the DPOA the *1198 Ward was lucid. We accept the trial court's implied, if not express, resolution of this disputed issue of fact that the DPOA was knowingly and voluntarily given.
We now turn to the principal issue in this case, involving the failure to appoint a guardian. Section 744.331 provides that "[w]hen an order is entered which determines that a person is incapable of exercising delegable rights, a guardian must be appointed to exercise those rights."[1] § 744.331(6)(f), Fla. Stat. (2001). On the other hand, section 709.08 provides for the use of durable powers of attorney that may survive the incompetency of the principal. § 709.08, Fla. Stat. (2001). Section 709.08(3)(c) specifies that:
"The attorney in fact may exercise the authority granted under a durable power of attorney until the principal dies, revokes the power, or is adjudicated totally or partially incapacitated by a court of competent jurisdiction, unless the court determines that certain authority granted by the durable power of attorney is to remain exercisable by the attorney in fact. [e.s.]
§ 709.08(3)(c), Fla. Stat. (2001). There is an inherent tension between the appointment of a guardian to care for and manage the property of a ward and the continuing exercise of a DPOA after the ward is adjudicated incompetent. Nevertheless we think the conflict is only apparent and not real.
Section 744.344 makes clear that an:
"order appointing a guardian must be consistent with the incapacitated person's welfare and safety, must be the least restrictive appropriate alternative, and must reserve to the incapacitated person the right to make decisions in all matters commensurate with the person's ability to do so." [e.s.]
§ 744.344(2), Fla. Stat. (2001). Another statute states the policy of this state as follows:
"The Legislature finds that adjudicating a person totally incapacitated and in need of a guardian deprives such person of all her or his civil and legal rights and that such deprivation may be unnecessary. The Legislature further finds that it is desirable to make available the least restrictive form of guardianship to assist persons who are only partially incapable of caring for their needs. Recognizing that every individual has unique needs and differing abilities, the Legislature declares that it is the purpose of this act to promote the public welfare by establishing a system that permits incapacitated persons to participate as fully as possible in all decisions affecting them; that assists such persons in meeting the essential requirements for their physical health and safety, in protecting their rights, in managing their financial resources, and in developing or regaining their abilities to the maximum extent possible; and that accomplishes these objectives through providing, in each case, the form of assistance that least interferes with the legal capacity of a person to act in her or his own behalf. This act shall be liberally construed to accomplish this purpose." *1199 § 744.1012, Fla. Stat. (2001). The obvious import behind all of these provisions is to require the appointment of a guardian only when no other lesser intrusion on the privacy of the ward will accomplish the purpose of protecting the ward's property. In this instance the trial court found that the DPOA was given to the spouse and stepdaughter of the Ward. The court emphasized that the Ward and her spouse have a long term, second marriage (18 years) and that he has been a loving, caring husband. The petitioners, however, were not as close to the Ward and had not played so significant a role in her life as her spouse has done. In effect the court found that the expense and intrusion of a formal Guardian into this family was not indicated by the circumstances.
We add that the Ward has a very modest estate. Apart from her joint interest in the marital home (her interest would be worth about $70,000), she was the income beneficiary of a $90,000 trust which was being used to pay some of the cost for her residence in an assisted living facility, where her spouse also lives. The trial court carefully balanced all these circumstances and concluded that the appointment of a guardian would serve no useful purpose and would unnecessarily interfere with the family. We cannot say that her decision is contrary to the statutes or an abuse of any discretion reposed in the court.
AFFIRMED.
GUNTHER and SHAHOOD, JJ., concur.
NOTES
[1] Another statute provides that:

"[r]ights that may be removed from a person by an order determining incapacity and which may be delegated to the guardian include the right: (a) to contract; (b) to sue and defend lawsuits; (c) to apply for government benefits; (d) to manage property or to make any gift or disposition of property; (e) to determine his or her residence; (f) to consent to medical and mental health treatment; and (g) to make decisions about his or her social environment or other social aspects of his or her life."
§ 744.3215(3)(a)-(g), Fla. Stat. (2001).