PER CURIAM.
Under the Florida Guardianship Law, any person who is alleged to be incapacitated is entitled to be represented by counsel in proceedings to determine capacity and to determine whether a guardian should be appointed over their person or property. At issue in this case is when a court must appoint counsel for an alleged incapacitated person if a court determines a guardian needs to be appointed on an emergency basis. We hold that counsel must be appointed at the same time the emergency temporary guardian is appointed.
In 2010, guardianship proceedings were instituted for J. Alan Smith after he was injured in an automobile accident. Prior to the accident, Smith had designated Glenda Martinez as his health care surrogate and given her a power of attorney. In April 2010, an order determining incapacity was entered that determined Smith was unable to exercise his right to contract and was unable to manage his property and finances. Smith’s son was appointed as guardian of Smith’s property. However, the court found that there was no incapacity that would warrant a guardian of Smith’s person. John Cramer, a. professional- guardian, succeeded- Smith’s son as guardian of Smith’s property in August 2010.
Smith entered a residential facility in September 2010. Between September 2010 and November 2012, Martinez relocated Smith nine times: eight times to a new facility and once to a private residence. In November 2012, Martinez planned to move Smith again from a facility in Lauderhill to her home. In reaction, Cramer filed an emergency motion with the guardianship court, seeking a temporary injunction to prevent the removal of Smith from the .Lauderhill facility. The motion alleged Smith would suffer immediate and irreparable injury because it would disrupt Smith’s medical care and result in excessive moving-related costs. Cramer did not serve the motion on Martinez because he claimed he did not. know where she was located. On December 5, 2012, Cramer also filed a renewed petition to determine incapacity and petition to appoint a guardian of Smith’s person. Smith was not appointed counsel when the petition was filed. . .
The trial court granted the motion for temporary injunction. Martinez moved to dissolve the injunction, and a hearing was held on December 18, 2012. Smith was not represented by counsel at the hearing. Cramer testified that Smith was currently noncommunicative, bedridden, and had recently suffered a leg injury that became infected. Cramer filed the motion for a temporary injunction because Martinez wanted to move Smith to her home, and in Cramer’s opinion, Smith needed to be in a skilled nursing facility with stable place- *976 raent where the staff could get to know him and Smith could socialize. Cramer also called an administrator from the Lauderhill facility to testify that Smith needed to be in a skilled nursing facility.
At the conclusion of the hearing, instead of deciding to extend or terminate the temporary injunction, the trial court decided to appoint an emergency temporary guardian for Smith’s person. As the trial judge was uncertain whether he could do this without a petition, the judge directed Cramer to file one and stated that the court would grant it based upon the evidence presented at the hearing. Cramer filed a petition for appointment of an emergency temporary guardian, and the trial court granted the petition on December 19, 2012. The trial court did not appoint counsel for Smith until. January 2, 2013.
On appeal, Martinez argues, among other grounds for reversal, that the trial court violated Smith’s right to be represented by counsel by entering the order without first appointing counsel for Smith. Martinez relies on section 744.3031(1), Florida Statutes (2012), and especially that statute’s last sentence:
A court, prior to appointment of a guardian but after a petition for determination of incapacity has been filed pursuant to this chapter, may appoint an emergency temporary guardian for the person or property, or both, of an alleged incapacitated person. The court must specifically find that there appears to be imminent danger that the physical or mental health or safety of the person will be seriously impaired or that the person’s property is in danger of being wasted, misappropriated, or lost unless immediate action is taken. The subject of the proceeding or any adult interested in the welfare of that person may apply to the court in which the proceeding is pending for the emergency appointment of a temporary guardian. The powers and duties of the emergency temporary guardian must be specifically enumerated by court order. The court shall appoint counsel to represent the alleged incapacitated person during any such summary proceedings, and such appointed counsel may request that the proceeding be recorded and transcribed.
(emphasis added).
In non-emergency situations, a trial court is required to appoint counsel for an alleged incapacitated person when the petition for adjudication of incapacity is filed. § 744.331(2)(b), Fla. Stat. (2012) The trial court must appoint the office of criminal conflict and civil regional counsel or private registry counsel, although the alleged incapacitated person can substitute their own counsel. § 744.331(2)(a), Fla. Stat. (2012). Appointed counsel serves until review of the initial guardianship report. § 744.362(2), Fla. Stat. (2012).
We have previously held that failure to appoint an attorney for an alleged incapacitated person in a proceeding to determine incapacity is fundamental error. In re Fey, 624 So.2d 770, 772 (Fla. 4th DCA 1993). In Fey, the ward was hospitalized and suffered physical and mental degradation, so she was released to a nursing home. When the appellant, the ward’s stepson, insisted on moving the ward to Georgia, the nursing home’s social services director urged a third party to file a petition for determination of incapacity and for appointment of a guardian. A lawyer filed a motion to enjoin the ward’s removal from the nursing home on the ward’s behalf, but the lawyer was not hired by the ward or appointed by the court. The trial court entered an order determining the ward to be incapacitated and appointing the third party as guardian of the ward’s person. Id. at 771. The stepson appealed, arguing the trial court’s failure to appoint indepen *977 dent counsel constituted fundamental error. This court noted that section 744.381 (2)(a) requires a trial court to appoint counsel for a ward when a petition to determine incapacity is filed. Although the trial court had appointed an attorney at the final hearing, we held that was untimely, and that the failure to appoint counsel at the beginning of the process was one of fundamental proportions. Id. at 772.
Here, the trial court erred twice: once when it failed to appoint counsel for Smith when Cramer filed the renewed petition for determination of incapacity and again when it failed to appoint Smith counsel when it appointed an emergency temporary guardian. Cramer argues that since no “summary proceeding” was held for the appointment of an emergency temporary guardian, no appointment of counsel is necessary. This argument elevates form over substance. The trial court’s decision to appoint an emergency temporary guardian after hearing the evidence presented at the hearing on the temporary injunction converted the hearing into a “summary proceeding” for purposes of section 744.3031(1).
However, in light of counsel’s representation at oral argument that Cram-er’s term as emergency temporary guardian was extended after counsel was appointed for Smith, we find the trial court’s failure to appoint counsel for Smith does not rise to the level of reversible error.
We affirm without comment on the other issues raised by Martinez.

Affirmed.

STEVENSON, DAMOORGIAN and CONNER, JJ., concur.