DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RUBY C. ADELMAN**, as the Power of Attorney, Health Care Surrogate,
Pre-need Guardian of Burton K. Adelman, and the Successor Trustee of
the Burton K. Adelman Restated and Amended Revocable Trust
Agreement,
Appellant,

v.

**HILLARY ELFENBEIN,**
Appellee.

No. 4D13-2446

[August 26, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Mel Grossman, Judge; L.T. Case No. 09-5982 PRC.

Nancy W. Gregoire of Kirschbaum, Birnbaum, Lippman & Gregoire,
PLLC, and Robert C. McLaughlin, Jr., of Leslie & McLaughlin, LLP, Fort
Lauderdale, for appellant.

James R. George of Greenberg Traurig, P.A., Fort Lauderdale, for
appellee.

STEVENSON, J.

Ruby Adelman appeals an order appointing professional guardian Lori
Shuman-Auspitz as plenary guardian for Burton Adelman. Because the
trial court lacked jurisdiction to enter the order, we reverse.

This appeal arises from a guardianship proceeding instituted by Hillary
Elfenbein to determine the capacity of her great uncle. After a hearing on
her petition to determine incapacity and petition for appointment of a
plenary guardian, the general magistrate found that, while plenary
incapacity was established, Mr. Adelman's advance directive documents[1]
provided a less-restrictive alternative to guardianship. Mr. Adelman's

---

[1] The court referenced Mr. Adelman's Health Care Surrogate Designation,
Trust/Trust Amendment, and Durable Power of Attorney. Mr. Adelman also
executed a "Declaration Naming Pre-Need Guardians."

former spouse, Ruby Adelman, was a party to the proceeding and was named in his advance directive documents as attorney-in-fact, health care surrogate, plenary guardian, and trustee. The trial court adopted and ratified the general magistrate's report and thereafter dismissed the grandniece's petition for appointment of a plenary guardian. No appeal was taken from those orders.

Several months later, the grandniece filed a "petition to reopen" the guardianship. She sought appointment of a *professional* plenary guardian, alleging that Mr. Adelman's former spouse was not providing "consistent adequate care." Over continuing and vigorous objection by both Mr. Adelman[2] and his former spouse, the trial court entertained the petition, conducted a trial, and issued an order appointing Lori Shuman-Auspitz as the professional plenary guardian for Mr. Adelman. Because we find that the court lacked jurisdiction to enter its order in this case, we reverse.

Statutory interpretation is a question of law and our standard of review is *de novo*. *Graham v. Fla. Dep't of Children & Families*, 970 So. 2d 438, 442 (Fla. 4th DCA 2007). The statutes governing the adjudication of incapacity and the appointment of a guardian for an incapacitated person are to be strictly construed. *In re Fey*, 624 So. 2d 770, 772 (Fla. 4th DCA 1993) (holding compliance with the requirements of section 744.331, Florida Statutes, is mandatory and failure to adhere to those requirements constitutes "error of fundamental proportions").

This action was commenced under section 744.331, Florida Statutes (2009), entitled "[p]rocedures to determine incapacity." The general magistrate issued his Report and Recommendations finding Mr. Adelman incapacitated, yet determining there was no need for a guardian because his advance directive documents provided a less-restrictive alternative. Under the Rules of Probate Procedure, the parties had ten days to file exceptions to the magistrate's report. "If no exceptions are filed within that period, the court shall take appropriate action on the report." Fla. Prob. R. 5.095(h).

Upon a finding of incapacity, the court is required to *either* appoint a guardian or find that there is an alternative to guardianship. If there is an alternative to guardianship, the court is prohibited from appointing a guardian. § 744.331(6)(b), Fla. Stat. ("A guardian *may not be appointed* if

---

[2] An attorney was appointed for Mr. Adelman in the original incapacity proceeding. She represented him again in response to the "petition to reopen" the guardianship.

the court finds there is an alternative to guardianship which will sufficiently address the problems of the incapacitated person.") (emphasis added). It is fully within the power of the trial court to find someone incapacitated yet *not* appoint a guardian. *Smith v. Lynch*, 821 So. 2d 1197, 1199 (Fla. 4th DCA 2002).

The trial court issued its order ratifying and approving the magistrate's report, and thereafter issued an order dismissing the grandniece's petition for appointment as plenary guardian. The parties had ten days to file a motion for rehearing from these orders. Fla. Prob. R. 5.020(d). Once the ten days for rehearing expired, the trial court lost jurisdiction to do anything other than enforce the orders previously entered. *Hunt v. Forbes*, 65 So. 3d 133, 134 (Fla. 4th DCA 2011).

The parties had thirty days to file an appeal from the orders. Fla. Prob. R. 5.100; Fla. R. App. P. 9.130(b). Because no appeal was taken, the orders became final and absolute, and "thereafter the court was without jurisdiction to alter, modify or amend [them]." *In re Beeman's Estate*, 391 So. 2d 276, 279 (Fla. 4th DCA 1980).

The grandniece's "Petition to Reopen Guardianship" was filed almost six months after the court orders became final. The reopen petition is not premised on any rule or statute, and Appellee cites no statutory authority to reopen an incapacity proceeding where no guardianship was ordered. Appellee argues that, following a determination of incapacity, the trial court has a *parens patriae* responsibility to Mr. Adelman.[3] We find that this ongoing jurisdiction of the circuit court in an incapacity proceeding does not exist *unless a guardian is appointed*.

> In our present day paternalistic society we must take care that in our zeal for protecting those who cannot protect themselves we do not unnecessarily deprive them of some rather precious individual rights.

*In re McDonnell*, 266 So. 2d 87, 88 (Fla. 4th DCA 1972).

The statutory scheme governing incapacity and guardianship is strictly construed. The legislature did not envision keeping cases open indefinitely

---

[3] "'Parens patriae,' which is Latin for 'parent of his or her country,' describes 'the state in its capacity as provider of protection to those unable to care for themselves.'" *Global Travel Mktg., Inc. v. Shea*, 908 So. 2d 392, 399 (Fla. 2005) (quoting Black's Law Dictionary 1144 (8th ed. 2004)); *see also In re Beverly*, 342 So. 2d 481, 485 (Fla. 1977).

where alternatives to guardianship have been established and the court has found that no guardian is required. "The obvious import behind all of these provisions [of the guardianship statute] is to require the appointment of a guardian only when no other lesser intrusion on the privacy of the ward will accomplish the purpose of protecting the ward's property." *Smith*, 821 So. 2d at 1199.

Mr. Adelman's advance directive documents entrust his affairs to his former spouse. Her role is fiduciary, and the laws of this state are more than adequate to protect him from future exploitation or abuse. *See, e.g.*, §§ 709.2101–.2402, Fla. Stat. (2015) ("Florida Power of Attorney Act"); §§ 415.101–.113, Fla. Stat. (2015) (Florida "Adult Protective Services Act").

We hold the trial court erred in allowing the grandniece to proceed on her second petition to appoint a plenary guardian because her claims were barred by the finality of the court's previously unappealed orders. We reverse the order on appeal appointing Lori Shuman-Auspitz the plenary guardian and remand with instructions to vacate the order and dismiss the guardianship proceeding.

*Reversed and Remanded.*

LEVINE and FORST, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**